UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CRYSTAL G.,

    Plaintiff,

v.                                                CIVIL ACTION NO. 5:24-cv-00746

FRANK BISIGNANO,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Crystal G.'s ("Ms. G.") Complaint [ECF 1], filed December 31, 2024, in which Ms. G. seeks review of the final decision of the Commissioner of Social Security denying Ms. G.'s application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. The matter is ready for adjudication.

I.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Ms. G. filed her initial application for disability insurance benefits ("DIB") on April 20, 2020. [ECF 5 at 144]. Her initial claim was denied, and she timely sought reconsideration by the Administrative Law Judge ("ALJ"). [*Id.*]. Following a hearing on August 9, 2022, the ALJ found Ms. G. was not disabled, and Ms. G. submitted that decision to the Appeals Council. [*Id.* at 144–159]. On February 15, 2023, the Appeals Council remanded Ms. G.'s case to the ALJ. [ECF 5 at 167–68]. Following the second hearing on January 31, 2024, the ALJ again concluded Ms. G. was

not disabled, and on November 4, 2024 [ECF 5 at 30–41], the Appeals Council denied Ms. G.'s request for review. [ECF 5 at 1]. Ms. G. filed her Complaint on December 31, 2024, seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). [ECF 1]. On March 26, 2025, Ms. G. filed a Brief in Support of the Complaint [ECF 6], and on May 22, 2025, Commissioner Bisignano filed a Brief in Support of Defendant's Decision. [ECF 9]. Ms. G. replied on June 5, 2025. [ECF 10].

Magistrate Judge Aboulhosn filed his PF&R [ECF 11] on June 9, 2025. He recommended the Court (1) deny Plaintiff's request for reversal and outright award of benefits or for further proceedings as set forth in her brief [ECF 6], (2) deny the Commissioner's request to affirm the final decision [ECF 9], (3) reverse the final decision of the Commissioner, as it is not supported by substantial evidence, and (4) remand the matter to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. [ECF 11 at 1–2, 32]. On June 26, 2025, Defendant Frank Bisignano, the current Commissioner, filed Objections to the PF&R [ECF 14], contending the Magistrate Judge exceeded the bounds of the applicable scope of review by considering matters not properly raised on appeal. In response, Ms. G. maintains the arguments she asserted in her Brief in Support of the Complaint [ECF 6], contending the ALJ failed to properly consider all of her impairments. [*See* ECF 16].

In his Objections, Commissioner Bisignano contends "the PF&R reached, and was decided on, a substantive issue that was not properly before the Court in its review; namely, that of Plaintiff's non-severe bladder impairment and any alleged limitations resulting therefrom." [*Id.* at 2]. Commissioner Bisignano maintains Ms. G. "forfeited any challenge to the ALJ's evaluation of any alleged limitations related to bladder issues because she never raised them." [*Id.*]. However, he asserts that "even had this argument been presented before the Court, . . . the ALJ's decision . .

2

. should still be upheld as properly supported." [*Id.* at 4]. In her Reply, among other things, Ms. G. agrees with the PF&R, stating "remand was the appropriate outcome because the ALJ's decision rests upon 2 unremarkable examinations without reconciling those observations with the abnormal findings of Ms. G.'s treating medical providers throughout the record." [ECF 16 at 2].

**II.**

The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to any portion of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, this Court need not conduct a de novo review of any "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Judicial review is authorized by federal law when the Commissioner denies a claimant social security benefits. 42 U.S.C. § 405(g); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). However, the courts are "extremely limited" in their scope of review. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). Specifically, the scope is limited to a determination of whether the ALJ's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U. S. C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]")); *see also Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper

3

standard or misapplication of the law."). To be considered substantial, evidence must be "more than a mere scintilla" but need not exceed an amount that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U. S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U. S. 197, 229 (1938)); *see Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). The Court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary." *Craig*, 76 F.3d at 589. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

In conducting this review, the Court must determine whether the ALJ analyzed all relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F. 3d 524, 528 (4th Cir. 1998); *see, e.g., Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another). Courts should not "reflexively rubber-stamp an ALJ's findings." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (quoting *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017)). To pass muster, ALJs must "build an accurate and logical bridge" from the evidence to their conclusions. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Thus, the issue before the Court is not whether Plaintiff is disabled, but whether there is substantial evidence to warrant a finding by the ALJ that she is not disabled, and that the decision was reached through a correct application of the law. *See Id*. Commissioner Bisignano's

objections to the PF&R were limited to the following issues: (1) whether Ms. G. waived any argument about the ALJ's findings related to her bladder issues, and, if not, (2) whether those findings were supported by substantial evidence. Accordingly, the Court will limit its review of the record to that which is relevant to resolving the instant objections.

### III.

In the PF&R, Magistrate Judge Aboulhosn found: (1) the ALJ's analyses of mental medical opinion evidence were supported by substantial evidence despite omission of mild and moderate limitations in the RFC assessment [ECF 11 at 19], (2) the ALJ's decision was not solely the product of cherry-picking the medical evidence in the record [ECF 11 at 27], and (3) the ALJ's decision did not rely on Ms. G.'s failure to seek medical treatment, thus that argument lacked merit [ECF 11 at 30–31]. However, pertaining to finding two, Magistrate Judge Aboulhosn concluded that although the conclusions in the RFC assessment were not solely the product of cherry-picking, the RFC assessment was not supported by substantial evidence because "it was crafted without consideration of the undisputed evidence concerning the Plaintiff's overactive bladder issues." [ECF 11 at 27].

### A. Issue Exhaustion

As Commissioner Bisignano argues [ECF 14 at 2–3], and as highlighted by Magistrate Judge Aboulhosn in the PF&R [ECF 11 at 21 n.7], reviewing courts are generally limited to considering only those arguments raised by the parties. *Short v. Hartman*, 87 F.4th 593, 604 (4th Cir. 2023) ("Rather, under the party presentation principle, we generally address only the issues raised by the parties."); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir.

2017). However, a Social Security claimant does not necessarily waive arguments in the district court because she failed to raise them with the Appeals Council. *Sims v. Apfel*, 530 U.S. 103, 112 (2000) ("Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues"); *see also Probst v. Saul,* 980 F.3d 1015 (4th Cir. 2020). Accordingly, it was well within Magistrate Judge Aboulhosn's discretion as the reviewing court to conduct a sua sponte analysis of the ALJ's conclusions as to Ms. G.'s bladder impairment. *See, e.g., Grant v. Berryhill,* No. 3:18-CV-00482, 2019 WL 1307733 (S.D.W. Va. Mar. 22, 2019) (concluding the Magistrate Judge's analysis of issue not earlier raised was appropriate because the issue had been raised before the ALJ and in the relevant briefing).

Unlike the claimant in *Grant*, none of Ms. G.'s filings with this Court addressed her bladder impairment. However, her symptoms were well documented in her medical records, presented to the ALJ, and the vocational expert opined on the outcomes such an impairment may have for Ms. G.'s ability to obtain employment. Accordingly, the issue was a relevant part of the record ripe for review as to whether the ALJ's conclusions were supported by substantial evidence. In her Supporting Brief, Ms. G. set forth three specific issues: (1) the ALJ failed to explain her omission of the persuasive mental medical opinion findings, (2) the ALJ's decision depended on improper cherry-picking of the objective medical evidence of record, and (3) the ALJ failed to develop the record regarding acceptable reasons for Ms. G.'s limited treatment. [ECF 6 at 1]. A proper analysis of issue two above would inevitably induce analysis of Ms. G.'s bladder impairment because it was a medically documented symptom, Ms. G. testified about it at her hearing, and the ALJ included the impairment in her findings. Accordingly, insofar as

Commissioner Bisignano objects to the PF&R's analysis of Ms. G.'s bladder impairment, the objection is overruled.

### *B. The ALJ Properly Considered Ms. G.'s Bladder Impairment*

In support of her argument that the RFC assessment was based on cherry-picked evidence, Ms. G. highlighted the following physical findings:

> In May 2020, Ms. [G.] presented to her primary care provider, Jackie Shorter, PA, of Family Healthcare Associates, with complaints of low back pain and joint pain (Tr. 546). PA Shorter's physical findings indicated that Ms. [G.] was exhibiting lumbosacral tenderness with limited strength, a decreased range of motion, and positive straight leg raise testing bilaterally (Tr. 547). PA Shorter also noted overall joint tenderness, multiple sites with decreased strength, and cervical tenderness with limited strength and a limited range of motion in the cervical spine (Tr. 547). In September 2020, Ms. [G.] reported experiencing pain radiating into her bilateral legs and feet causing moderate weakness and paresthesia (Tr. 551-552). Again, physical findings reflected lumbosacral tenderness, limited strength, a decreased range of motion, and positive straight leg raise testing bilaterally (Tr. 551). PA Shorter again noted overall joint tenderness, decreased strength, and objective cervical limitations (Tr. 551). Contrary to the representations made in the ALJ's decision, PA Shorter continued to report similar findings during examinations conducted in April 2021, March 2022, and April 2023 (Tr. 564-565, 586-587, 608-609). Because the ALJ's claims that Ms. [G.] failed to provide objective evidence of her alleged impairments and limitations was based on a skewed presentation of the medical evidence, her decision cannot be affirmed.

[ECF 6 at 9–10].

"The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing 20 C.F.R. § 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* A finding adverse to the claimant within this five-step sequence forecloses a disability designation and ends the inquiry. *Id.* at 473.

"Through the fourth step, the burden of production and proof is on the claimant. If the claimant reaches step five, the burden shifts to the Secretary to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992), *as amended* (May 5, 1993) (internal citations omitted).

In the PF&R, Magistrate Judge Aboulhosn concluded none of the ALJ's findings resulted from cherry-picking of the record. [ECF 11 at 27]. Instead, along with finding the ALJ's conclusions as to Ms. G.'s mental impairments were supported by substantial evidence [*Id.* at 29], the PF&R also found "the ALJ's physical RFC assessment, reconciliation of the conflicting evidence of record, as well as the evaluation of the opinion evidence as it relates to the same, are supported by substantial evidence." [*Id.* at 24]. Nonetheless, the PF&R concludes the RFC assessment was not supported by substantial evidence because of the ALJ's analysis, or lack thereof, of Ms. G.'s bladder impairment. [*Id.* at 25–29].

However, the ALJ is not required to explicitly discuss all considerations she made when reviewing a disability finding:

> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies—that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604–05 (4th Cir. 2025); *see also Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ

specifically refer to every piece of evidence in his decision." (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam))).

The ALJ did, albeit briefly, consider Ms. G.'s bladder impairment in making her RFC findings:

> As for the nonsevere [sic] impairments, GERD/gastritis; hiatal hernia; vertigo; Barrett's esophagus; fatty liver; *overactive bladder*; RLS; [h]eadaches; fatigue; depression, although they may have been medically diagnosed, there is no evidence that these impairments have caused more than a minimal impact on the claimant's ability to perform work-related functions. The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.

[ECF 5 at 33] (emphasis added). As noted by Magistrate Judge Aboulhosn, "the ALJ was not required to discuss every piece of evidence in the record, but to consider it." [ECF 11 at 27 n. 21]. The hearing transcript reflects Ms. G.'s testimony about various symptoms she alleges contribute to her being disabled. [*See* ECF 5 at 52– 68]. Among other things, Ms. G. testified she visits the restroom 12–15 times a day, and more through the night. [ECF 5 at 59]. This condition causes various interruptions to her daily routines as well as her ability to sleep through the night. [ECF 5 at 58–61]. The vocational expert opined there would not be jobs for "an individual who would be off task more than 15% of a workday in a regular eight-hour workday" to accommodate additional breaks beyond those normally provided. [ECF 5 at 64–65].

But the bladder impairment appears to be just one of many symptoms that may have impeded Ms. G.'s ability to be seated and on task throughout the workday. [*See* ECF 5 at 52– 68]. Ms. G. presented a slew of symptoms in support of her application for disability, and the inclusion of her bladder impairment and categorization as non-severe builds a logical bridge to the ALJ's findings. *Drumgold*, 144 F.4th at 604–05 (quoting *Arakas*, 983 F.3d at 95). Ms. G. testified that various ailments prevent her from getting through previously routine tasks or a workday. [*See* ECF

5 at 52– 68]. By acknowledging Ms. G.'s bladder impairment and categorizing it -- along with many other impairments -- as non-severe, the ALJ sufficiently considered Ms. G.'s symptoms. Accordingly the PF&R incorrectly concluded the RFC was not supported by substantial evidence because it failed to address Ms. G.'s bladder impairment. Thus, the Commissioner's objection must be sustained.

V.

For the foregoing reasons, the Court **SUSTAINS** Commissioner Bisignano's Objections [**ECF 14**], **DECLINES TO ADOPT** the PF&R [**ECF 11**], **DENIES** Ms. G.'s request for remand [**ECF 6**], **AFFIRMS** the final decision of the Commissioner, **DISMISSES** the Complaint [**ECF 1**], and **DISMISSES** the matter.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: January 29, 2026

Frank W. Volk
Chief United States District Judge